**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6291**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AUBREY VALDEZ MOTON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:08-cr-00165-JFA-1)

———————

Submitted:  June 24, 2013           Decided:  July 2, 2013

———————

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Aubrey Valdez Moton, Appellant Pro Se.  John David Rowell,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aubrey Valdez Moton appeals the district court's order denying his motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c) (2006). We have reviewed the record and find no abuse of discretion by the district court. Moton argues that United States v. Munn, 595 F.3d 183, 192 (4th Cir. 2010) authorizes the modification of a career offender's sentence where an overrepresentation departure was granted. However, Moton's sentence is distinguishable from the situation in Munn, because the Guidelines range after the departure did not fall squarely within the crack cocaine Guidelines range. Also, the Sentencing Commission has abrogated the ruling in Munn by defining "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined . . . before consideration of any departure provision." USSG App. C, Amend. 759 (2011). Accordingly, we affirm for the reasons stated by the district court. United States v. Moton, No. 3:08-cr-00165-JFA-1 (D.S.C. Jan. 25, 2013). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED